UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDDY WELCH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2295** |
| **DARRELL VANNOY, WARDEN** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* **28 U.S.C. § 2254(e)(2) (2006)**.[1]

### I.   Factual and Procedural Background

The petitioner, Freddy Welch ("Welch"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On April 17, 2007, Welch was indicted by a Terrebonne Parish Grand Jury on a second degree murder and attempted second degree murder.[3] Welch initially entered a plea of not guilty.[4] The attempted second degree murder count was later severed and a *nolle prosequi* was entered.[5]

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 4, Indictment, 4/17/07; Grand Jury Return, 4/17/07. The indictment was amended on September 4, 2007, to broaden the second degree murder charge to felony murder. St. Rec. Vol. 1 of 4, Minute Entry, 9/4/07; St. Rec. Vol. 2 of 4, Hearing Transcript, pp. 6-8, 9/4/07.

[4]St. Rec. Vol. 1 of 4, Minute Entry, 4/8/07; Minute Entry, 9/4/07.

[5]St. Rec. Vol. 1 of 4, Motion to Nolle Prosequi, 9/18/08; St. Rec. Vol. 2 of 4, Sentencing Transcript, p. 12, 3/10/08.

The record reflects that, on June 9, 2006, at about 6:00 a.m., two unidentified men entered the home of Kenneth Garner, Jr., and his girlfriend, Teamaya Lewis, on Prince Collins Street in Houma, Louisiana.[6] The two men walked into the bedroom where Garner, Lewis, and two of her young children were sleeping in the same bed. Lewis was awakened when one of the men, who had dreadlocks, standing on Garner's side of the bed yelled wanting to know where the "work" (slang for drugs) was located. The second man, who was tall and skinny, stood on Lewis's side of the bed. Both men were armed with a gun and had their faces covered with black shirts. Garner told the first man to "chill out" and that the "work" was not in the house.

The man next to Lewis placed a pillow over her head. When Lewis tried to reach the phone, the man grabbed it. The bigger man on Garner's side struck Garner with his gun and then shot him. The two men ran out of the bedroom. Lewis jumped from the bed and ran toward the front door. As the two men were opening the front door to leave, the one who shot Garner turned and fired another shot at her but missed. Garner died from his wound.

The Houma Police Department developed three suspects, Rodney Castle, Corey Stovall a/k/a "Co-Black," and Welch. The three suspects fled Louisiana shortly after Garner was killed.

Stovall, who was 25 years old, went to Houston, Texas. Stovall, who was tall and skinny with long dreadlocks, previously had lived with Lewis and Garner and was told to leave after getting into an altercation in the neighborhood. Stovall was killed in August of 2006, about a year and one-half half prior to Welch's trial.

---

[6]The facts are taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. Welch*, 30 So.3d 284 (La. App. 1st Cir. 2010) (Table); *State v. Welch*, No. 2009KA1609, 2010 WL 532386, at *1-4 (La. App. 1st Cir. Feb. 12, 2010); St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2009-KA-1609, pp. 2-6, 2/12/10.

Welch initially went to Houston, where he had family displaced by Hurricane Katrina. He soon moved to Phoenix, Arizona. While there, he used the alias Terry Wright and was eventually arrested on other unrelated charges.

Castle, who was 17 years old, went to Detroit, Michigan. He returned to Houma and turned himself in to police. Houma Police Detective Travis Theriot questioned Castle, who implicated Welch and Stovall in the murder of Garner. Castle also picked Welch and Stovall from photographic lineups.

Castle told the police that he had grown up with Stovall but did not meet Welch until the night of the murder. After taking him on a trip to buy ecstasy, the two men took Castle on a robbery. Welch had Castle drive them to the area of the house and remain in the car. A short time after Welch and Stovall exited the car, Castle heard one or two gunshots and Stovall and Welch ran back to the car. Castle started to drive off and Welch pointed his gun at him and told him to stop. Castle was able to stop and jump from the car and ran away to hide behind a nearby trailer. Based on the information received from Castle, Detective Theriot had Welch extradited back to Terrebonne Parish where he was indicted for Garner's murder.

Welch was tried before a jury for the second degree murder charge on February 19 through 22, 2008, and found guilty as charged.[7] At a hearing held March 10, 2008, the Trial Court denied Welch's motions for a new trial and for post-verdict judgment of acquittal.[8] During the hearing,

---

[7]St. Rec. Vol. 1 of 4, Trial Minutes, 2/19/08; Trial Minutes, 2/20/08; Trial Minutes, 2/21/08; Trial Minutes, 2/22/08; Jury Verdict, 2/22/08; Trial Transcript, 2/19/08; St. Rec. Vol. 2 of 4, Trial Transcript, 2/20/08; Trial Transcript, 2/21/08; Trial Transcript, 2/22/08.

[8]St. Rec. Vol. 1 of 4, Sentencing Minutes, 3/10/08; Motion for New Trial, 3/10/08; Trial Court Order, 3/10/08; Motion to Set Aside Jury Verdict/Motion for Post-Verdict Judgment of Acquittal, 3/10/08; Trial Court Order (2), 3/10/08; St. Rec. Vol. 2 of 4, Sentencing Transcript, 3/10/08.

Welch waived legal delays, and the Court sentenced him to life in prison without benefit of parole, probation, or suspension of sentence.[9]

Welch filed a motion for an out-of-time appeal, which was granted on October 10, 2008.[10] His appointed appellate counsel asserted that the evidence was insufficient to support the verdict.[11] On February 12, 2010, the Louisiana First Circuit affirmed Welch's conviction finding no merit in the claim.[12]

He thereafter filed a writ with the Louisiana Supreme Court, which was denied without stated reasons on October 1, 2010.[13] Welch's conviction became final ninety (90) days later, on December 30, 2010,[14] as he did not file for review with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for *certiorari* with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

On January 2, 2013, Welch signed and submitted to the state trial court a motion to file a supplemental and amended application for post-conviction relief, which asserted that his counsel was ineffective for failing to object and request a limiting jury instruction on other crimes

---

[9]St. Rec. Vol. 1 of 4, Sentencing Minutes, 3/10/08; St. Rec. Vol. 2 of 4, Sentencing Transcript, 3/10/08.

[10]St. Rec. Vol. 1 of 4, Trial Court Order, 10/10/08; Motion for Out of Time Appeal, 8/25/08.

[11]St. Rec. Vol. 3 of 4, Appeal Brief, 2009-KA-1609, 9/25/09.

[12]*Welch*, 30 So.3d at 284; *Welch*, 2010 WL 532386, at *1; St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2009-KA-1609, 2/12/10.

[13]*State v. Welch*, 45 So.3d 1095 (La. 2010); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2010-KO-0524, 10/1/10; La. S. Ct. Letter, 2010-KO-0524, 3/9/10.

[14]The State erred in its calculation of this finality date as January 9, 2011. *See* Rec. Doc. No. 11, pp. 3, 9.

evidence.[15] The state trial court denied the motion on February 14, 2013, for lack of proof that an original application had been filed.[16]

On May 8, 2013, the Louisiana First Circuit granted Welch's related writ application and remanded with instructions for the state trial court to hold an evidentiary hearing to determine whether Welch timely filed a prior application for post-conviction relief under the applicable mailbox rule.[17]

At a June 26, 2013 hearing, the Trial Court appointed counsel to assist Welch and over the next year, continued the evidentiary hearing several times at the urging of Welch's counsel.[18] On December 9, 2014, the Court received evidence and determined that Welch had filed his original application for post-conviction relief under the mailbox rule on November 21, 2011, when he handed it to prison officials for mailing to the state court.[19] Welch submitted a memorandum addressing his post-conviction claims:[20] (1) the State excluded from the jury venire several prospective jurors based solely on race; (2) the trial court allowed the prosecution to present other crimes evidence without conducting a *Prieur* hearing;[21] and (3) counsel was ineffective for (a)

---

[15]St. Rec. Vol. 1 of 4, Motion to File, 1/7/13; Supplemental and Amended Application for Post-Conviction Relief, 1/7/13 (dated 1/2/10).

[16]St. Rec. Vol. 3 of 4, Minute Entry, 2/14/13.

[17]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2013-KW-0402, 5/8/13 (partial copy).

[18]St. Rec. Vol. 3 of 4, Minute Entry, 6/26/13; Minute Entry, 8/28/13; Minute Entry, 10/30/13; Motion to Continue, 11/25/13; Trial Court Order, 11/26/13; Motion to Continue, 2/7/14; Trial Court Order, 2/10/14; Motion to Continue, 4/22/14; Trial Court Order, 4/16/14; Minute Entry, 6/25/14; Motion to Continue, 8/21/14; Trial Court Order, 8/26/14.

[19]St. Rec. Vol. 1 of 4, Minute Entry, 12/9/14; *see* Mail Receipt, 11/21/11; Mail Request, 11/21/11.

[20]St. Rec. Vol. 1 of 4, Memorandum in Support 12/16/14 (dated 11/21/11); Uniform Application for Post-Conviction Relief, 8/13/15.

[21]Under Louisiana law, a *Prieur* hearing requires that before evidence of other crimes are introduced, the trial court must determine that the extraneous acts are probative of a real issue and that their probative value exceeds their prejudicial effect. *See State v. Taylor*, 217 So. 3d 283, 291 (La. 2016) (citing *State v. Prieur*, 277 So.2d 126 (La. 1973)).

failing to move for mistrial when the State admitted other crimes evidence and commented on Welch's criminal history, all admitted without a *Prieur* hearing, and (b) for failing to interview Lewis and present her favorable testimony at trial. The state court also allowed the 2013 supplemental ineffective assistance of counsel claim to be heard.

After receiving the State's response, on October 30, 2015, the state trial court denied the first claim of jury discrimination finding no record support and no merit to the claim.[22] The court scheduled the remaining claims for evidentiary hearing.

After numerous continuances, the court heard the matter on April 19, 2017.[23] On May 31, 2017, the court denied relief on the application finding no merit to the remaining claims.[24] The court granted Welch until July 16, 2017, to seek review in the Louisiana First Circuit.[25]

Welch submitted his first writ application in the Louisiana First Circuit on June 23, 2017.[26] On September 5, 2017, however, the Louisiana First Circuit denied the writ application finding that the application was not procedurally proper because Welch failed to attach the required documentation.[27] The court allowed him until October 31, 2017 to file a proper application, which

---

[22] St. Rec. Vol. 3 of 4, Trial Court Judgment, 10/30/15; Reasons for Judgment, 10/30/15; State's Response, 8/11/15.

[23] St. Rec. Vol. 3 of 4, Minute Entry, 4/19/17; Hearing Transcript, 4/19/17; *see also*, Minute Entry, 2/10/16; Minute Entry, 4/20/16; Minute Entry, 6/22/16; Minute Entry, 10/26/16; Minute Entry, 3/31/17.

[24] St. Rec. Vol. 3 of 4, Trial Court Judgment, 5/31/17; Reasons for Judgment, 5/31/17.

[25] St. Rec. Vol. 3 of 4, Trial Court Order, 6/19/17; Notice of Intent, 6/16/17.

[26] St. Rec. Vol. 4 of 4, 1st Cir. Writ Application, 2017-KW-0880, 6/2**3**/17 (copy not signed or dated). The State's again erred by indicating that this writ application mailed on June 2**8**, 2017 is error. *See* Rec. Doc. No. 11, p. 4. That would have been two days after the Louisiana First Circuit indicated receipt of the writ application on June 2**6**, 2017.

[27] *State v. Welch*, No. 2017KW0880, 2017 WL 3888832, at *1 (La. App. 1st Cir. Sep. 5, 2017); St. Rec. Vol. 3 of 4, 1st Cir. Order, 2017-KW-0880, 9/5/17; St. Rec. Vol. 4 of 4, 1st Cir. Writ Application, 2017-KW-0880, 6/23/17.

he did refile on October 24, 2017. The court denied Welch's second writ application without stated reasons on February 5, 2018.[28]

On February 25, 2019, the Louisiana Supreme Court denied Welch's subsequent writ application finding that he failed to show ineffective assistance under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).[29] The court further held that Welch failed to meet his burden of proof on the remaining claims.

## II.     Federal Petition

On March 28, 2019, after correction of certain deficiencies, the clerk of this Court filed Welch's federal petition for habeas corpus relief in which he asserts the following grounds for relief:[30] (1) the State excluded from the jury venire several prospective jurors based solely on race; (2) the trial court allowed the prosecution to present other crimes evidence without conducting a pretrial *Prieur* hearing; and (3) counsel was ineffective for (a) failing to move for mistrial when the State admitted other crimes evidence and commented on Welch's criminal history, all admitted without a *Prieur* hearing, and (b) failing to interview Lewis and present her favorable testimony at trial. The State filed a response in opposition asserting that Welch's petition was not timely filed.[31]

---

[28]*State v. Welch*, No. 2017KW1525, 2018 WL 7041122, at *1 (La. App. 1st Cir. Feb. 5, 2018); St. Rec. Vol. 3 of 4, 1st Cir. Order, 2017-KW-1525, 2/5/18. The Court's staff contacted the Louisiana First Circuit Court of Appeal and was advised that the second writ application was submitted to that Court on October 24, 2017.

[29]*State v. Welch*, 264 So.3d 434 (La. 2019); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2018-KH-0317, 2/25/19; La. S. Ct. Letter, 2018-KH-317, 2/22/18.

[30]Rec. Doc. No. 3.

[31]Rec. Doc. No. 16.

7

### III. <u>General Standards of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[32] applies to Welch's petition, which is deemed filed in this Court under the mailbox rule on March 12, 2019.[33] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts that Welch's federal petition was not timely filed under the AEDPA. Although the State's response contains date and mathematical errors, its conclusions are ultimately correct. For the reasons that follow, the record reflects that Welch's federal petition was not timely filed and should be dismissed for that reason.

### IV. <u>Statute of Limitations</u>

The AEDPA codified in 28 U.S.C. § 2244(d)(1)(A) requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[34] *Duncan v. Walker*, 533 U.S. 167,

---

[32] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[33] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court initially docketed Welch's deficient petition on March 12, 2019, when it was received, and it was filed March 28, 2019, when the filing fee was paid. The official stamp of the prison legal programs department indicates that the pleading was received from Welch on May 12, 2019, the same day it was electronically mailed to the Court for filing. Rec. Doc. No. 1, p. 10; Rec. Doc. No. 3; p. 10. The fact that Welch later paid the filing fee does not alter the application of the federal mailbox rule to his *pro se* petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002).

[34] The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

8

176-80 (2001).  As stated above, Welch's conviction was final under federal law on December 30, 2010, which was ninety (90) days after the Louisiana Supreme Court denied his post-appeal writ application.  Pursuant to Section 2244, Welch had one year from that date, or until December 30, 2011, to timely file a federal application for habeas corpus relief which he did not do.  Thus, literal application of the statute would bar Welch's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

### A. **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g*

---

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

*denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In addition, requests for document and transcript copies, like those occasionally made by Welch, are not other collateral review for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion

for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La.2000), *aff'd*, 239 F.3d 365 (5th Cir.2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *1 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-0115G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (stating that the petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (finding delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

In Welch's case, the AEDPA filing period began to run on December 31, 2010, the day after his conviction was final under federal law. The one-year AEDPA filing period continued to run uninterrupted for 325 days until November 21, 2011, when the state courts deemed that Welch filed his first state application for post-conviction relief. The one-year AEDPA filing period remained tolled from that date, through the pendency of Welch's related 2014 amended post-conviction application, until July 16, 2017, which was the end of the period of time granted by the state trial court for Welch to timely and properly file a writ application with the Louisiana First Circuit.[35] The one-year AEDPA filing period began to run again the next day, July 17, 2017, and continued to run for the remaining forty (40) days until August 25, 2017, when it expired. Welch had no other properly filed state application for post-conviction relief or other collateral review pending in the state courts during that time period.

As aptly noted by the State, the writ application submitted by Welch to the Louisiana First Circuit on June 23, 2017, although timely, was not properly filed under state procedural rules and was denied without review for that reason. Specifically, the writ application failed to comply with

---

[35] St. Rec. Vol. 1 of 4, Trial Court Order, 6/19/17; Notice of Intent, 6/16/17.

11

La. App. R. 4-5, which requires that certain documentation be attached to the writ application. A dismissal by the Louisiana appellate court based on that procedural rule renders the writ application not "properly filed" within the meaning of Section 2244(d)(2) for statutory tolling. *See Reynolds v. Cain*, No. 13-41, 2014 WL 688973, at *4-6 (M.D. La. Feb. 20, 2014) (no statutory tolling for appellate writ application that was pending but not properly filed under La. App. R. 4-5); *see also*, *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) ("… a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements."). A state post-conviction application that is not "properly filed" will not interrupt the one-year AEDPA filing period. *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000) (explaining that a state application for post-conviction may "be *pending*, but not *properly filed*" for purposes of statutory tolling (emphasis in original)).

Welch filed the writ application on June 23, 2017, which was within the period allowed by the state trial court. However, it was not properly filed because it was not in compliance with La. App. R. 4-5. Because of this, the filing and pendency of that application did not interrupt or toll the one-year AEDPA filing period. *See Mark v. Michael*, No. 08-1261, 2008 WL 4365929, at *3 n.18 (E.D. La. Sep. 23, 2008) (Order adopting Report and Recommendation) (failure to comply with La. App. R. 4-5 requirements renders the writ application not properly filed for purposes of the AEDPA statute of limitations); *Reynolds*, 2014 WL 688973, at *4-6; *cf. Hopkins v. Cain*, 228 F. App'x 458, 459-60 (a petitioner's failure to comply with La. App. R. 4-5 is a procedural grounds for dismissal); *Clark v. Rader*, No. 10-0308, 2012 WL 589207, at *4-6 (M.D. La. Jan. 20, 2012), *adopted*, 2012 WL 589213, at *1 (M.D. La. Feb. 22, 2012), *aff'd*, 721 F.3d 339 (5th Cir.), *cert. denied*, 571 U.S. 1079 (2013); *but see Donaldson v. Cain*, No. 14-1896, 2016 WL 8309673, at *2-3 (E.D. La. Jun. 24, 2016), *report adopted by* 2017 WL 699755, at *1 (E.D. La. Feb. 22, 2017)

(although writ application was denied in part under Rule 4-5, the state court also "accorded some level of judicial review" when it denied some claims on the merits; the writ application was deemed to have interrupted the AEDPA filing period).

Because Welch's improperly filed June 23, 2017 writ application filed did not interrupt the running of the one-year AEDPA filing period, the one-year AEDPA filing period began to run again on July 16, 2017, which was the end of the period granted by the state trial court for Welch to properly file for review in the Louisiana First Circuit. As explained above, the one-year AEDPA statute of limitations ran for the remaining forty (40) days and expired on August 25, 2017, despite Welch's refiling on October 24, 2017.

Nothing Welch filed in the state courts after the expiration of the AEDPA filing period changes the calculation of an already expired filing period. *See*, *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a filing made after the expiration of the AEDPA one-year filing period does not renew or extend the AEDPA filing period or provide a petitioner any tolling benefits); *Higginbotham v. King*, 592 F. App'x 313, 314 (5th Cir. 2015) (same). In its September 5, 2017, order, the Louisiana First Circuit advised Welch that he could have until October 31, 2017, to file a properly supported writ application. This extended opportunity, however, did not renew or extend the AEDPA filing period which had already expired on August 25, 2017. *Cf. Roberts v. Cain*, No. 15-963, 2015 WL 7080546, at *3 (E.D. La. Nov. 13, 2015).[36]

---

[36]In *Roberts*, the State asserted a limitations defense arguing that the petitioner's post-conviction writ application that was denied as filed without compliance to La. App. R. 4-5 did not toll the AEDPA filing period which allowed the AEDPA filing period to run without interruption, despite the appellate court's granting of time for petitioner to properly file another writ and despite other subsequent filings by the petitioner. As a result, the *Roberts* Court considered statutory tolling and the impact of a Louisiana First Circuit writ application denied under La. App. R. 4-5 and the granting of a new time period for the petitioner to file a proper writ application. The Court determined that Roberts had allowed seventy-four (74) days of the AEDPA filing period to lapse when he filed a state application for post-conviction relief on April 17, 2013. That application was denied by the state trial court on June 14, 2013, and Roberts had thirty (30) days to properly file a writ application with the Louisiana First Circuit, which he did on July

For these reasons, Welch's federal petition deemed filed under the mailbox rule on March 12, 2019, was filed more than one year and six months after the AEDPA filing period expired on August 25, 2017. Welch's federal petition was not timely filed and should be dismissed with prejudice for that reason.

**B.     <u>No Equitable Tolling</u>**

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 419; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Welch has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the Section 2244(d) calculation.[37]

Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary circumstance outside of his control from asserting his rights.

---

2, 2013. However, on November 4, 2013, the court denied writ application because Roberts failed to comply with La. App. R. 4-5. In the same order, the appellate court granted Roberts to December 30. 2013, to file a procedurally proper writ application, which he did on December 5, 2013.

In considering the State's limitations defense, the *Roberts* Court reasoned that the improperly filed writ application did not itself toll the AEDPA filing period because it was denied under La. App. R. 4-5. Effectively, the Court held the AEDPA filing period was not interrupted or tolled by the improper filing which would have allowed another. However, the Court determined that the period granted for Roberts to file a new writ application acted to toll or stop the running of the AEDPA filing period. Thus, even if Roberts gained no tolling from the improperly filed writ itself, tolling of the remaining recommenced either on the granting of the extension or on the filing of the second writ application.

By this Court's calculation, that ruling implicitly allowed Roberts to benefit from the remaining 180 days he had to file his federal petition. The analysis by the *Roberts* Court, however, was contingent on one critical difference not present in Welch's case. In this case, Welch had no time remaining on the one-year AEDPA filing period when his extension to file was granted by the Louisiana First Circuit on September 5, 2017. As calculated above, the AEDPA filing period expired on August 25, 2017. Unlike Roberts, the extension granted to Welch inured no benefit in an AEDPA limitations calculation.

[37]The Court notes that Welch left blank the portion of his federal petition where he was allowed to provide an explanation for his untimely filing, and he did not reply to the State's opposition response. Rec. Doc. No. 3, p.9.

14

*Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *see Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation omitted) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).  Welch has made no such showing in this case, and he is not entitled to equitable tolling of the one-year AEDPA limitations period.

15

The record supports no basis to extend additional statutory or equitable tolling to Welch.[38] His federal petition was not timely filed and should be dismissed with prejudice for that reason.

## V. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Freddy Welch's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[38]Welch has asserted no other excuse to avoid the expiration of the limitations period. He has not asserted his actual innocence and has brought no new, reliable evidence to meet the high burden set forth in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Furthermore, the United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), do not provide a basis for review of Welch's untimely filed federal petition or his ineffective assistance of trial counsel claims. In *Martinez*, the Court held that a state court imposed "'procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 569 U.S. at 417 (quoting *Martinez*, 566 U.S. at 17) (emphasis added). Neither is at issue in Welch's case. The bar to review at issue here arises from Welch's failure to meet the federal limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition. *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report). These cases also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year filing period under the AEDPA. *See In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014) (". . . the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Thus, neither *Martinez* nor *Trevino* provide Welch's relief from the untimeliness of his federal petition.

result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[39]

New Orleans, Louisiana, this 5th day of September, 2019.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[39]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen (14) days.