# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDDY WELCH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2295** |
| **DARNELL VANNOY, WARDEN** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Chief Magistrate Judge Roby recommending Petitioner Freddy Welch's petition for federal habeas corpus relief be dismissed with prejudice as time-barred.[1] Petitioner objected to the magistrate judge's Report and Recommendation.[2] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation and **DENIES** Petitioner's application for relief.

## BACKGROUND

In his petition for habeas corpus, Petitioner Freddy Welch asserts he is entitled to relief based on alleged *Batson* violations, the trial court's failure to hold a pretrial *Prieur* hearing, and ineffective assistance of counsel.[3] The state argues the Court should deny Welch's petition because it is untimely.[4]

Welch is a convicted inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. On April 17, 2007, he was indicted by a Terrebonne Parish Grand Jury for second degree murder and attempted second degree murder.[5] On March 10, 2008, after trial, the jury found Welch guilty and sentenced him to life in prison

---

[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 3.
[4] R. Doc. 16.
[5] St. Rec. Vol. 1 of 4, Indictment, 4/17/07; Grand Jury Return, 4/17/07.

at hard labor without the benefit of parole, probation, or suspension of sentence.[6] Welch appealed his conviction and asserted the evidence against him was insufficient to support the jury's verdict.[7] On February 12, 2010, the Louisiana First Circuit affirmed Welch's conviction.[8] Welch filed a writ application with the Louisiana Supreme Court which was denied without any stated reasons on October 1, 2010.[9] Welch's conviction became final ninety days later on December 30, 2010.

Welch timely filed an application for state post-conviction relief on November 21, 2011.[10] This motion remained pending for several years. On October 30, 2015, the state trial court denied Welch's claim of jury discrimination but did not rule on Welch's other claims.[11] After several continuances, the court heard the remaining matters on April 19, 2017, and denied Welch relief on May 31, 2017.[12] The court granted Welch until July 16, 2017 to seek review with the Louisiana First Circuit.[13]

Welch submitted his first writ application to the Louisiana First Circuit on June 23, 2017, but it was denied on September 5, 2017, as procedurally improper because Welch failed to attach the required documents.[14] In its September 5, 2017, ruling, the Louisiana First Circuit allowed Welch to file a proper application by October 31, 2017. Welch then

---

[6] St. Rec. Vol. 1 of 4, Sentencing Minutes, 3/10/08; St. Rec. Vol. 2 of 4, Sentencing Transcript, 3/10/08.
[7] St. Rec. Vol. 3 of 4, Appeal Brief, 2009-KA-1609, 9/25/09
[8] *Welch*, 30 So.3d 284; *State v. Welch*, 2009-1609 (La. App. 1 Cir. 2/12/10); St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2009-KA-1609, 2/12/10.
[9] *State v. Welch*, 45 So.3d 1095 (La. 2010); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2010-KO-0524, 10/1/10; La. S. Ct. Letter, 2010-KO-0524, 3/9/10. See Rec. Doc. No. 11, pp. 3, 9.
[10] St. Rec. Vol. 1 of 4, Minute Entry, 12/9/14; See Mail Receipt, 11/21/11.
[11] St. Rec. Vol. 3 of 4, Trial Court Judgement, 10/30/15; Reasons for Judgment, 10/30/15; State's Response, 8/11/15.
[12] St. Rec. Vol. 3 of 4, Minute Entry, 4/19/17; Hearing Transcript, 4/19/17; St. Rec. Vol. 3 of 4, Trial Court Judgment, 5/31/17; Reasons for Judgment, 5/31/17.
[13] St. Rec. Vol. 3 of 4, Trial Court Order, 6/19/17; Notice of Intent, 6/16/17.
[14] *State v. Welch*, No. 2017KW0880, 2017 WL 3888832, at *1 (La. App. 1st Cir. Sep. 5, 2017); St. Rec. Vol. 3 of 4, 1st Cir. Order, 2017-KW-0880, 9/5/17; St. Rec. Vol. 4 of 4, 1st Cir. Writ Application, 2017-KW-0880, 6/23/17.

refiled his application with the first circuit, and the court denied the second writ application without stating reasons on February 5, 2018.[15] Welch timely filed a writ application with the Louisiana Supreme Court, which the court denied on February 25, 2019.[16] On March 28, 2019, Welch filed the instant federal petition for habeas corpus relief.[17]

## LEGAL STANDARD

In reviewing the magistrate judge's Report and Recommendations, the Court must conduct a de novo review of any of the magistrate judge's conclusions to which a party has specifically objected.[18] As to the portions of the report not objected to, the Court need only review those portions to determine whether they are clearly erroneous or contrary to law.[19]

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[20] A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court decides a case differently

---

[15] *State v. Welch*, No. 2017KW1525, 2018 WL 7041122, at *1 (La. App. 1st Cir. Feb. 5, 2018); St. Rec. Vol. 3 of 4, 1st Cir. Order, 2017-KW-1525, 2/5/18.
[16] *State v. Welch*, 264 So.3d 434 (La. 2019); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2018-KH-0317, 2/25/19; La. S. Ct. Letter, 2018-KH_317, 2/22/18.
[17] R. Doc. 3.
[18] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[19] *Id.*
[20] 28 U.S.C. § 2254(d)(1).

than the Supreme Court did on a set of materially indistinguishable facts."[21] AEDPA requires a federal court "accord the state trial court substantial deference."[22]

## LAW AND ANALYSIS

Under AEDPA, a petitioner must bring a § 2254 claim within one year of the date on which his or her underlying state criminal judgment became "final."[23] A state judgment becomes "final," and the statute of limitations for bringing a federal habeas petition begins to run, on the date of "the conclusion of direct review or the expiration of the time for seeking such review."[24] If a habeas petitioner pursues relief on direct appeal through a state's highest court, this means his or her judgment becomes final "ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court."[25]

This one-year limitation is subject to certain exceptions, however. AEDPA expressly allows the one-year limitations period to be tolled throughout "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[26] Additionally, the one-year period of limitation may be equitably tolled in extraordinary circumstances.[27]

In this case, Welch's conviction became final on December 30, 2010, ninety days after the Louisiana Supreme Court denied his post-appeal writ application.[28] Under § 2244(d)(1)(A), Welch had until December 30, 2011, one year later, to file a § 2254

---

[21] *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).
[22] *Brumfield v. Cain*, 135 S. Ct. 2269 (2015).
[23] 28 U.S.C. § 2244(d)(1)(A).
[24] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).
[25] *Id*.
[26] 28 U.S.C. § 2244(d)(2).
[27] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)).
[28] R. Doc. 12, at 9.

petition.[29] Welch did not file his petition until March 12, 2019, well after the one-year limitations period. As a result, Welch's petition is untimely unless his period for timely filing a § 2254 petition was statutorily or equitably tolled. The Court finds neither statutory nor equitable tolling render Welch's petition timely.

### A.     Statutory Tolling Does Not Render Welch's Petition Timely

Statutory tolling of the period for filing a § 2254 petition is set forth in § 22444(d)(2), which provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[30] In short, the limitations period for a § 2254 motion is tolled so long as the petitioner has a (1) properly filed and (2) pending application for state post-conviction relief. For a state post-conviction application to be "properly filed," the applicant must have complied with all the state's procedural requirements, such as timeliness and place of filing.[31] A petition is "pending" for purposes of §2244(d)(2) "as long as the ordinary state collateral review is 'in continuance.'"[32]

Welch's one-year filing period began on December 31, 2010, and ran uninterrupted for 325 days until he filed his first state application for post-conviction relief on November 21, 2011.[33] The filing period was then tolled so long as his application was "pending." The trial court denied Welch post-conviction relief on May 31, 2017,[34] and granted him until

---

[29] *Id.*
[30] 28 U.S.C. §2244(d)(2).
[31] *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 (5th Cir. 2000).
[32] *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999).
[33] St. Rec. Vol. 1 of 4, Trial Court Order, 6/19/17; Notice of Intent, 6/16/17.
[34] St. Rec. Vol. 3 of 4, Minute Entry, 4/19/17; Hearing Transcript, 4/19/17; St. Rec. Vol. 3 of 4, Trial Court Judgment, 5/31/17; Reasons for Judgment, 5/31/17.

July 16, 2017, to seek review with the Louisiana First Circuit.[35] Welch submitted a writ application to the Louisiana First Circuit on June 23, 2017, but it was procedurally improper and lacked the supporting documents needed under Rule 4-5 of the Louisiana Uniform Rules.[36] Accordingly, tolling stopped on July 16, 2017, because at that point, Welch no longer had a "properly filed" application for state post-conviction relief "pending" before the state court. Because statutory tolling stopped on that day, Welch's period for filing a federal § 2254 petition expired forty days later (the time remaining after initially waiting 325 days to file his state-court petition), on August 25, 2019.[37] Welch, however, did not properly file his writ application until October 24, 2017.[38]

Welch argues he had a good reason for filing a deficient writ application because the state failed to provide him with the documents needed for a proper writ filing in a timely manner.[39] He argues the First Circuit Court of Appeals gave him until October 31, 2017, to file a proper writ with the court, and the magistrate judge failed to consider that Louisiana Rule of Appellate Procedure 4-3 gives the state appellate court the authority to allow a prisoner to correct a deficient writ application in a reasonable amount of time.[40]

The Court disagrees with Petitioner's arguments. Although in its September 5, 2017, order, the Louisiana First Circuit advised Welch that he could have until October 31, 2017, to file a proper writ application, this extension did not renew or extend the AEDPA filing

---

[35] St. Rec. Vol. 3 of 4, Trial Court Order, 6/19/17; Notice of Intent, 6/16/17.
[36] *State v. Welch*, No. 2017KW0880, 2017 WL 3888832, at *1 (La. App. 1st Cir. Sep. 5, 2017); St. Rec. Vol. 3 of 4, 1st Cir. Order, 2017-KW-0880, 9/5/17; St. Rec. Vol. 4 of 4, 1st Cir. Writ Application, 2017-KW-0880, 6/23/17.
[37] *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000) (explaining that a state application for post-conviction may "be pending, but not properly filed" for purposes of statutory tolling).
[38] R. Doc. 12, at 11.
[39] *Id.*
[40] R. Doc. 13, at 2−3.

period which had already expired on August 25, 2017.[41] Further, nothing Welch filed after August 25, 2017 could change the calculation of his already expired filing period.[42] For these reasons, Welch's federal habeas petition filed under the mailbox rule on March 12, 2019, was filed after the AEDPA filing period expired, and statutory tolling did not render it timely.

### B.     Equitable Tolling Does Not Apply to Welch's Case

Equitable tolling is available to petitioners in cases in which rare or extraordinary circumstances prevented timely filing of a federal habeas corpus petition.[43] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[44] Equitable tolling is usually only afforded in situations where the petitioner was actively misled or prevented in a way outside of his control from timely asserting his rights.[45] "A garden variety claim of excusable neglect does not support equitable tolling."[46] For example, in *Hardy v. Quarterman*, the Fifth Circuit held equitable tolling was warranted because the petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform petitioner that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and petitioner persistently inquired to the court.[47] In *United*

---

[41] *Cf. Roberts v. Cain*, NO. 15-963, 2015 WL 7080546, at *3 (E.D. La. Nov. 13, 2015).

[42] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a filing made after the expiration of the AEDPA one-year filing period does not renew or extend the AEDPA filing period or provide a petitioner any tolling benefits).

[43] *Pace*, 544 U.S. at 419; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810–11 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

[44] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[45] *Pace*, 544 U.S. at 418–19.

[46] *Fisher*, 174 F.3d at 715 (finding tolling not justified during petitioner's stay in a psychiatric ward).

[47] 577 F.3d 596, 599-600 (5th Cir. 2009).

*States v. Wynn*, the Fifth Circuit held equitable tolling was warranted because the petitioner was deceived by his attorney into believing that a timely motion to vacate was filed.[48] On the other hand, in *Fisher v. Johnson*, the Fifth Circuit held equitable tolling was not justified during petitioner's seventeen-day stay in a psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts.[49]

In this case, Petitioner argues he should be afforded equitable tolling of 40 days for the State's failure to provide him with the necessary documents to properly file his writ application.[50] Petitioner claims the state court provided him with a written copy of its ruling but not the required copy of a written judgment or an evidentiary hearing transcript that he was to attach to his writ before the July 16, 2017, deadline, which prevented him from properly filing his writ.[51] He argues that this Court should conclude that the failure of the court to provide him with the required copy of a written judgment and an evidentiary hearing transcript before July 17, 2017, qualifies as a state-created impediment to filing a complete writ application and should justify equitable tolling.[52]

Welch has not shown he was subject to extraordinary circumstances that warrant equitable tolling. His failure to immediately receive a hearing transcript and copy of the judgment is, at most, mere garden variety negligence. It is not the kind of deceit or repeated gross negligence that could compel the Court to employ equitable tolling. Accordingly, the Court finds Welch is not entitled to equitable tolling of the one-year AEDPA limitations period.

---

[48] 292 F.3d 226, 230 (5th Cir. 2002).
[49] 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).
[50] R. Doc. 13 at 5.
[51] R. Doc. 13 at 6.
[52] R. Doc. 13 at 10.

## **CONCLUSION**

The Court, after considering the record, applicable law, relevant filings and the magistrate judge's Report and Recommendation approves the United States Magistrate Judge's Report and Recommendation and **ADOPTS** it as its opinion in this matter.[53]

**IT IS ORDERED** that Petitioner Freddy Welch's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** as time-barred.

**New Orleans, Louisiana, on this 8th day of May, 2020.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[53] R. Doc 12.