## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**FREDDY WELCH**                                        **CIVIL ACTION**

**VERSUS**                                             **NO.  19-2295**

**DARNELL VANNOY, WARDEN**                             **SECTION: "E" (1)**

### ORDER AND REASONS

Before the Court is Petitioner Freddy Welch's Motion for Relief from Judgment.[1] Defendant the State of Louisiana opposes.[2]

### BACKGROUND

Welch is currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. On April 17, 2007, he was indicted by a Terrebonne Parish Grand Jury for second degree murder and attempted second degree murder.[3] On March 10, 2008, after trial, the jury found Welch guilty and sentenced him to life in prison at hard labor without the benefit of parole, probation, or suspension of sentence.[4] Welch appealed his conviction and asserted the evidence against him was insufficient to support the jury's verdict.[5] On February 12, 2010, the Louisiana Court of Appeal for the First Circuit affirmed Welch's conviction.[6] Welch filed a writ application with the Louisiana Supreme Court, which was

---

[1] R. Doc. 22.
[2] R. Doc. 24.
[3] St. Rec. Vol. 1 of 4, Indictment, 4/17/07; Grand Jury Return, 4/17/07.
[4] St. Rec. Vol. 1 of 4, Sentencing Minutes, 3/10/08; St. Rec. Vol. 2 of 4, Sentencing Transcript, 3/10/08.
[5] St. Rec. Vol. 3 of 4, Appeal Brief, 2009-KA-1609, 9/25/09
[6] *Welch*, 30 So.3d 284; *State v. Welch*, 2009-1609 (La. App. 1 Cir. 2/12/10); St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2009-KA-1609, 2/12/10.

1

denied without any stated reasons on October 1, 2010.[7] Welch's conviction became final ninety days later on December 30, 2010.

Welch timely filed an application for state post-conviction relief on November 21, 2011.[8] This motion remained pending for several years. On October 30, 2015, the state trial court denied Welch's claim of jury discrimination but did not rule on Welch's other claims.[9] After several continuances, the court heard the remaining matters on April 19, 2017, and denied Welch relief on May 31, 2017.[10] The court granted Welch until July 16, 2017, to seek review with the Louisiana First Circuit.[11]

Welch, acting pro se, submitted his first writ application to the Louisiana First Circuit on June 23, 2017, but it was denied on September 5, 2017, as procedurally improper because Welch failed to attach the required documents.[12] In its September 5, 2017, ruling, the Louisiana First Circuit allowed Welch to file a proper application by October 31, 2017.[13] Welch then refiled his application with the First Circuit, and the court denied the second writ application without stating reasons on February 5, 2018.[14] Welch timely filed a writ application with the Louisiana Supreme Court, which the court denied on February 25, 2019.[15]

---

[7] *State v. Welch*, 45 So.3d 1095 (La. 2010); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2010-KO-0524, 10/1/10; La. S. Ct. Letter, 2010-KO-0524, 3/9/10. See Rec. Doc. No. 11, pp. 3, 9.
[8] St. Rec. Vol. 1 of 4, Minute Entry, 12/9/14; See Mail Receipt, 11/21/11.
[9] St. Rec. Vol. 3 of 4, Trial Court Judgement, 10/30/15; Reasons for Judgment, 10/30/15; State's Response, 8/11/15.
[10] St. Rec. Vol. 3 of 4, Minute Entry, 4/19/17; Hearing Transcript, 4/19/17; St. Rec. Vol. 3 of 4, Trial Court Judgment, 5/31/17; Reasons for Judgment, 5/31/17.
[11] St. Rec. Vol. 3 of 4, Trial Court Order, 6/19/17; Notice of Intent, 6/16/17.
[12] *State v. Welch*, No. 2017KW0880, 2017 WL 3888832, at *1 (La. App. 1st Cir. Sep. 5, 2017); St. Rec. Vol. 3 of 4, 1st Cir. Order, 2017-KW-0880, 9/5/17; St. Rec. Vol. 4 of 4, 1st Cir. Writ Application, 2017-KW-0880, 6/23/17.
[13] *Id.*
[14] *State v. Welch*, No. 2017KW1525, 2018 WL 7041122, at *1 (La. App. 1st Cir. Feb. 5, 2018); St. Rec. Vol. 3 of 4, 1st Cir. Order, 2017-KW-1525, 2/5/18.
[15] *State v. Welch*, 264 So.3d 434 (La. 2019); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2018-KH-0317, 2/25/19; La. S. Ct. Letter, 2018-KH_317, 2/22/18.

On March 28, 2019, after correction of deficiencies, the clerk of this Court filed Mr. Welch's petition in this Court seeking habeas corpus relief.[16] Due to the Antiterrorism and Effective Death Penalty Act of 1996's mailbox rule, Mr. Welch's petition was deemed filed on March 12, 2022.[17] On September 6, 2019, Magistrate Judge Roby recommended Mr. Welch's petition be denied and dismissed with prejudice as untimely.[18] This Court adopted Judge Roby's recommendation on May 8, 2020.[19] On the same day, this Court denied Petitioner a certificate of appealability.[20] On May 18, 2020, Petitioner sought a certificate of appealability from the Fifth Circuit,[21] which the Fifth Circuit denied without reason on April 30, 2021.[22] On August 4, 2022, Petitioner filed the instant motion for relief from this Court's judgment dismissing his petition for writ of habeas corpus as untimely.[23] The State of Louisiana opposes Petitioner's motion.[24]

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides a mechanism for a party to obtain relief from a final judgment via six alternative grounds for relief. Rule 60(b) provides a

---

[16] R. Doc. 3.

[17] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). The clerk of court initially docketed Mr. Welch's deficient petition on March 12, 2019, when it was received, and it was filed March 28, 2019, when the filing fee was paid. The official stamp of the prison legal programs department indicates that the pleading was received from Mr. Welch on May 12, 2019, the same day it was electronically mailed to the Court for filing. R. Doc. 1 at p. 10; R. Doc. 3 at p. 10. The fact that Mr. Welch later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002).

[18] R. Doc. 12.

[19] R. Doc. 14.

[20] R. Doc. 16

[21] R. Doc. 20.

[22] R. Doc. 21.

[23] R. Doc. 22.

[24] R. Doc. 24.

court, "[o]n motion and just terms," may "relieve a party or its legal representative from

a final judgment, order, or proceeding" due to:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have been
> discovered in time to move for a new trial under Rule 59(b); (3) fraud
> (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party; (4) the judgment is void; (5) the judgment
> has been satisfied, released, or discharged; it is based on an earlier
> judgment that has been reversed or vacated; or applying it prospectively is
> no longer equitable; or (6) any other reason that justifies relief.[25]

The purpose of Rule 60(b) "is to balance the principle of finality of a judgment with

the interest of the court in seeing that justice is done in light of all the facts."[26] As the

moving party, Petitioner has the burden to show why the Court should vacate the Court's

prior judgment.[27] The determination of whether Petitioner has satisfied his burden lies

within this Court's sound discretion.[28] However, granting relief under Rule 60 is "an

extraordinary remedy which should be used sparingly."[29] A motion to vacate a judgment

is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could

have been offered or raised before the entry of a judgment."[30] Consequently, the "scope

of relief that may be obtained under Rule 60(b) is strictly limited."[31]

## LAW AND ANALYSIS

Petitioner seeks relief from this Court's judgment denying his petition for writ of

habeas corpus as untimely.[32] Petitioner argues the Fifth Circuit's decision in *Leonard v.*

*Deville*, decided one week after this Court's order denying Mr. Welch's petition but before

---

[25] Fed. R. Civ. P. 60(b)(1)-(6).
[26] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).
[27] *See League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 438 (5th Cir. 2011).
[28] *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010).
[29] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Pease v. Pakhoed*, 980 F.2d 995, 998 (5th Cir. 1993) ("Courts are disinclined to disturb judgments under the aegis of Rule 60(b).").
[30] *Templet*, 367 F.3d at 478.
[31] 12 Moore's Federal Practice § 60.02 (3d ed. 2010).
[32] R. Doc. 22.

his request for a certificate of appealability from the Fifth Circuit was denied, changes the calculation of the statute of limitations, making his initial petition timely.[33] In opposition, the State of Louisiana argues a subsequent decision interpreting the statute of limitations differently is not an "exceptional circumstance" warranting retroactive application and relief from judgment,[34] and even if the Court finds it retroactively applicable, the motion itself is time-barred.[35]

To obtain relief under Rule 60(b), Petitioner must demonstrate both the motion's timeliness and that the rule provides grounds to justify relief from this Court's judgment denying his habeas petition as untimely. If Petitioner establishes these two criteria, the Court may consider whether he is entitled to equitable tolling of the AEDPA's statute of limitations. The Court will first address whether Petitioner has stated grounds to justify relief from this Court's judgment before moving to the question of whether Petitioner's motion for relief from judgment was timely filed.

## I.     This Court Has Jurisdiction to Consider Petitioner's Motion.

As a preliminary matter, the Court notes it has jurisdiction to consider Petitioner's motion. 28 U.S.C. § 2244 prohibits second and successive habeas petitions that raise claims already adjudicated or do no present new facts or law.[36] A Rule 60(b) motion may be barred by this statute where the motion "attacks the federal court's previous resolution of a claim *on the merits*."[37] "Where, as is the case here, a Rule 60(b) motion 'confines . . . itself to a nonmerits aspect of the first federal habeas proceeding,' it is not subject to 28

---

[33] *Id.* at pp. 4-7.
[34] R. Doc. 24 at pp. 1-4.
[35] *Id.* at pp. 4-5.
[36] *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (5th Cir. 2005).
[37] *Id.* at 532.

U.S.C. § 2244's requirements for successive habeas petitions."[38] Accordingly, because Petitioner's motion challenges only this Court's previous ruling on the statute of limitations, the Court has jurisdiction to consider the motion.

## II.   Petitioner's Motion for Relief from Judgment States Grounds Justifying Relief.

Petitioner asserts he should be relieved from this Court's judgment denying his habeas corpus petition as untimely. Petitioner argues he is entitled to relief from judgment under Rule 60(b)(5), provisions two and three, which permit a court to relieve a party from final judgment when "a prior judgment upon which it is based has been reversed or otherwise vacated" or "it is no longer equitable that the judgment should have perspective application."[39] Specifically, Petitioner argues he is entitled to relief because a subsequent Fifth Circuit decision—*Leonard v. Deville*—changed the interpretation of tolling for the purposes of calculating the statute of limitations, a decision which would have made his petition for writ of habeas corpus timely.[40]

In *Leonard*, the Fifth Circuit vacated a district court's denial of a petition for writ of habeas corpus as untimely, finding that the statute of limitations does not run against a petitioner when the Louisiana appellate court gives the petitioner additional time to correct a procedurally flawed writ and the petitioner timely corrects the writ.[41] Petitioner argues, under *Leonard*, the statute of limitations did not run against him between September 5, 2017, and October 31, 2017, when the Louisiana First Circuit gave him time to refile a writ with the proper attachments.[42] On this basis, Petitioner argues this Court

---

[38] *Jackson v. Cain*, No. 01-1578, 2010 WL 797841, at *2 (E.D. La. Mar. 3, 2010) (citing *Gonzalez*, 545 U.S. at 534).
[39] *Id.*; Fed. R. Civ. P. 60(b)(5).
[40] R. Doc. 22 at pp. 4-7.
[41] *Leonard v. Deville*, 960 F.3d 164, 173 (5th Cir. 2020).
[42] R. Doc. 22 at p. 6.

should grant his motion for relief from judgment and consider his petition for habeas relief on the merits.[43]

Before turning to the issues before the Court in the instant motion, the Court finds it useful to outline the facts, procedural history, and the Fifth Circuit's reasoning in *Leonard* in further detail.

### A.   *Leonard v. Deville.*

In *Leonard*, the petitioner was convicted under Louisiana law in 2008.[44] Mr. Leonard appealed his conviction, which was affirmed on direct appeal and by the Louisiana Supreme Court.[45] 308 days later, Mr. Leonard applied to the state trial court for post-conviction relief ("PCR"), which was dismissed "as without merit."[46] Subsequently, he sought writ from the state appellate court.[47] The appellate court denied his writ application on the basis that he "failed to include supporting record materials as required by the local rules," the same error made by Petitioner in the instant case.[48] However, the court provided a time period during which Mr. Leonard could refile a properly-supported writ application.[49] The petitioner refiled, and the writ was subsequently denied by the appellate court.[50] As a last opportunity for recourse in the state appeals process, Mr. Leonard sought review from the Louisiana Supreme Court, which was denied.[51] Twenty-six days later, the petitioner filed a federal habeas corpus application.[52] Upon recommendation from the Magistrate Judge, the district court

---

[43] *Id.*
[44] *Leonard*, 960 F.3d at 166.
[45] *Id.*
[46] *Id.*
[47] *Id.*
[48] *Id.*
[49] *Id.*
[50] *Id.*
[51] *Id.*
[52] *Id.*

dismissed Mr. Leonard's petition as time-barred.[53] In doing so, the district court held, critically, "Leonard's writ application to the state appellate court . . . did not toll the federal clock because the appellate court found the application was not 'properly filed,'" and therefore the habeas petition was untimely.[54]

In its panel review of the district court's decision, the Fifth Circuit reversed the lower court, holding the statute of limitations did not run against a petitioner when the Louisiana appellate court gave the petitioner additional time to correct his first, procedurally flawed writ, and the petitioner filed a properly amended writ within the given time.[55] First, the Fifth Circuit outlined the standard under 28 U.S.C. § 2244(d)(1), which states "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."[56] However, "the one-year period is statutorily tolled during the time that 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"[57] Accordingly, the Fifth Circuit clarifies "a state post-conviction application triggers statutory tolling only if it is 'properly filed' and only while it remains 'pending.'"[58]

In addressing each requirement, the Fifth Circuit held "[i]t is uncontested that Leonard's state PCR application was 'properly filed' within the meaning of § 2244(d)(2)."[59] This requirement contemplates proper filing *in the district court for the parish where he was convicted*, not a subsequent writ to the appellate court.[60] The Court

---

[53] *Id.*
[54] *Id.* at 167.
[55] *Id.* at 173.
[56] *Id.* at 168.
[57] *Id.*
[58] *Id.*
[59] *Id.*
[60] *Id.*

clarified the key issue in *Leonard* was whether the application remained "pending" when the state appellate court dismissed Mr. Leonard's first writ application as improperly filed.[61] The Fifth Circuit held that it did.[62]

In reaching its conclusion, the Fifth Circuit acknowledged the topic "presents a thorny procedural question on which federal district courts in Louisiana have reached differing conclusions."[63] *Leonard v. Deville* represented a case of first instance for the Fifth Circuit, never before having addressed the specific issue, and the Fifth Circuit decision recognized the complex line of cases leading to a split amongst district courts in this circuit.[64] The court walked through tangential case law, reaching the conclusion that "Leonard's PCR application was 'never in an untimely status,' until it was ultimately denied by the Louisiana Supreme Court."[65] Accordingly, the Fifth Circuit determined only 334 days had elapsed before Mr. Leonard filed his federal habeas application, and therefore it was timely filed.[66]

### B.   The Court Construes Petitioner's Motion as a Rule 60(b)(6) Motion.

Petitioner alleges he is entitled to relief from this Court's judgment on the basis of Rule 60(b)(5), clauses two and three. For the reasons that follow, clauses two and three are not applicable to Petitioner's case. The Court construes Petitioner's motion as seeking relief under the catch-all provision found in Rule 60(b)(6)—allowing a court to relieve a party from judgment for "any other reason justifying relief from the operation of the judgment."[67]

---

[61] *Id.*
[62] *Id.* at 173.
[63] *Id.* at 169.
[64] *Id.*
[65] *Id.* at 171 (internal citations omitted).
[66] *See id.*
[67] Fed. R. Civ. P. 60(b)(6).

Under clause two of Rule 60(b)(5), relief from a judgment may be obtained if "a prior judgment upon which it is based has been reversed or otherwise vacated."[68] "This ground is limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion. It does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed."[69] Moreover, clause three—that "it is no longer equitable that the judgment should have prospective application"—applies only to judgments that have prospective effect.[70] The clause "refers to some change in conditions that makes continued enforcement [of a judgment] inequitable."[71] Typically, although not always, this clause is used in reference to injunctions.[72] Considering the above criteria, Petitioner's argument does not fit within Rule 60(b)(5). There is no question of claim or issue preclusion, and the denial of Petitioner's habeas petition has no prospective effect requiring enforcement.

Accordingly, the question becomes whether Petitioner has demonstrated extraordinary circumstances warranting relief from judgment under Rule 60(b)(6).[73] The Court answers this question in the affirmative.

### C.    Petitioner Has Stated Extraordinary Circumstances Warranting Relief from Judgment.

"Rule 60(b)(6) provides that a court may act to relieve a party from a final judgment for 'any other reason justifying relief from the operation of the judgment.'"[74] "It

---

[68] Fed. R. Civ. P. 60(b)(5).
[69] Wright & Miller § 2863, text accompanying note 10.
[70]  *Id.* at note 15.
[71] *Id.* at note 22.
[72] *Id.* at note 14.
[73] *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002) (holding it was not an abuse of discretion for a district court to construe a petitioner's Rule 60(b)(5) motion as a Rule 60(b)(6) motion, noting that "simply moving under Rule 60(b)(5) [does not] prevent[] the award of relief under Rule 60(b)(6) if the court ruled that relief was unavailable under (b)(5)").
[74] *Id.*

is a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions."[75] The Fifth Circuit has described Rule 60(b)(6) as "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses."[76] However, the Fifth Circuit has also "narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present."[77]

The Fifth Circuit has recognized several factors a court may consider when addressing a Rule 60(b) motion: (1) final judgments should not be lightly disturbed; (2) a rule 60(b) motion is not substitute for an appeal; (3) the rule should be construed liberally in the interest of substantial justice; (4) the timeliness of the motion; (5) balancing the interest in deciding the case on the merits with the interest in finality of the judgment; (6) whether it would be inequitable to grant relief; and (7) any other factors "relevant to justice of the judgment under attack."[78] Moreover, the rule "must be equitably and liberally applied to achieve substantial justice."[79]

There is no question, had *Leonard v. Deville* been in effect prior to this Court's denial of Petitioner's petition, it would have been factually and legally applicable. In fact, Defendant does not contest the relevance of *Leonard* to the case at bar.[80] The question is whether the facts and circumstances of this case constitute extraordinary circumstances warranting relief. Defendant argues, based on a decision from the United States Supreme Court in *Gonzalez v. Crosby*, "a change in interpretation of the statute of limitations for a

---

[75] *Id.* at 216.
[76] *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995).
[77] *Id.*
[78] *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).
[79] *Holley v. Terrell*, No. 10-1787, 2013 WL 2243835, at *4 (E.D. La. May 21, 2013).
[80] R. Doc. 24.

federal habeas petition is not an exceptional circumstance."[81] For the reasons that follow, the Court disagrees with Defendant.

First, the Court finds the United States Supreme Court decision in *Gonzalez v. Crosby* raised by Defendant is factually distinguishable from the instant motion. In opposition, Defendant relies on *Gonzalez*, in which the United States Supreme Court held a later decision by the Supreme Court interpreting tolling of the federal statute of limitations for habeas relief more broadly was not grounds for Rule 60(b)(6) relief.[82] In *Gonzalez*, the district court denied a petitioner's petition for habeas relief as untimely under the AEDPA's statute of limitations.[83] The petitioner then sought a certificate of appealability from the U.S. Court of Appeals for the Eleventh Circuit, which was denied on April 6, 2000.[84] The Petitioner did not appeal.[85] Subsequently, on November 7, 2000, a Supreme Court case changed the interpretation of a "properly filed" application for state postconviction relief, a change that would have made the petitioner's filing timely had it been in effect at the time of the decision.[86] The petitioner then filed a motion for relief from the district court's denial of his petition as untimely.[87] The Supreme Court affirmed the lower court's judgment denying relief on the basis that the subsequent judgment did not constitute an "extraordinary circumstance" under Rule 60(b)(6).[88] In finding the petitioner was not entitled to relief, the Supreme Court reasoned:

> It is hardly extraordinary that subsequently, after petitioner's case was *no longer pending*, this Court arrived at a different interpretation. Although our constructions of federal statutes customarily apply to all cases then pending on direct review, . . . not every interpretation of the federal statutes

---

[81] *Id.* at p. 2.
[82] *Gonzalez*, 545 U.S. at 536.
[83] *Id.* at 527.
[84] *Id.*
[85] *Id.*
[86] *Id.*
[87] *Id.*
[88] *Id.* at 536.

setting forth the requirements for habeas provides causes for reopening cases long since final.[89]

Although the circumstances of the two cases are similar, there is a "relevant and obvious distinction" between *Gonzalez* and the instant action.[90] This Court denied Mr. Welch's petition for habeas relief on May 8, 2020.[91] Just one week later, on May 15, 2020, a panel of the Fifth Circuit decided *Leonard v. Deville*.[92] Petitioner sought a certificate of appealability from the Fifth Circuit on May 18, 2020.[93] Despite its panel's decision in *Leonard*, the Fifth Circuit denied Petitioner's request without reasons on April 30, 2021.[94] Unlike in *Gonzalez*, where the petitioner sought relief based on a judgment decided after his case was no longer pending,[95] Mr. Welch's petition was *still pending* when *Leonard*

---

[89] *Id.* (internal citations omitted) (emphasis added).

[90] *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 n.9 (5th Cir. 2005) ("As a preliminary matter, we reject appellee's contention that [the new case] does not apply to the instant case because it was issued after the district court entered its summary judgment. Appellees cite, among other authorities, *Bailey v. Ryan Stevedoring Co.*, for the proposition that a 'change in decisional law after entry of judgment does not constitute exceptional circumstances under [Rule 60(b)(6)] and is not alone grounds for relief from a final judgment.' The relevant and obvious distinction between *Bailey* and the instant case is that the change in decisional law occurred *after* Bailey lost both in the district court *and* on appeal to this court. In the instant case, on the other hand, the potentially important change in decisional law occurred while the appellants' appeal was still pending. It is well-settled that in such cases the new law must be applied with the full force of the precedent that it is.").

[91] R. Doc. 14.

[92] 960 F.3d 164 (2020).

[93] R. Doc. 20.

[94] R. Doc. 21. Because the Fifth Circuit denied Petitioner's request for a certificate of appealability without reasons, the Court has little guidance as to its rationale and whether it considered *Leonard*. It is possible the Fifth Circuit in this case relied on its earlier panel decision in *Williams v. Cain*, where a panel of the Fifth Circuit decided a petitioner's application for post-conviction relief ceased to be "pending" for purposes of tolling limitations periods when the petitioner failed to timely file an application for supervisory writ of review with the Louisiana Supreme Court. 217 F.3d 303, 309-11 (5th Cir. 2000).

However, *Williams* is inapplicable for two reasons. First, *Williams* is not directly on point, as it considers the process when seeking writ from the Louisiana Supreme Court, rather than the process for an appeal as a matter of right to a Louisiana appellate court. Second, as addressed in *Leonard*, *Williams* was decided before the United States Supreme Court issued *Carey v. Saffold*, a decision that held a state post-conviction application remains pending for statutory tolling purposes "as long as the ordinary state collateral review process is 'in continuance.'" 536 U.S. 214, 219-20 (2002). The *Leonard* court denoted the differences between its decision and the decision made in *Williams*. The Court cannot speculate as to the Fifth Circuit's reasoning. Absent further guidance on the issue, the Court finds *Leonard*, not *Williams*, was applicable at the time the appeal was pending.

[95] *Gonzalez*, 545 U.S. at 536.

was decided.[96] Critically, unlike in *Gonzalez*, where the change in the law occurred after the petitioner lost both in the district court and on appeal, in the instant case, the change in the law occurred while the petitioner's period for appeal was running.

Moreover, the Court finds the factors outlined by the Fifth Circuit weigh heavily in favor of granting Petitioner's motion for relief from judgment, allowing him the important opportunity to argue the merits of his habeas corpus petition in federal court. Factors one, three, five, and six weigh in favor of granting Petitioner's motion. Although the Court recognizes final judgments should not be lightly disturbed, the interest in deciding Petitioner's case on the merits outweighs the interest in finality of the judgment. As aptly noted by Petitioner,[97] "[d]ismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty."[98]

Despite having diligently pursued his legal avenues for relief in state court for nearly twelve years, Petitioner had the unfortunate luck of receiving judgment from this Court a mere days before the *Leonard* decision, only to be denied the opportunity for appeal despite the change in the law rendering his initial habeas petition timely. The Court will not allow such an unfortunate set of coincidences to bar Petitioner from having his claims heard on the merits.[99] The Court is persuaded that justice would undoubtedly

---

[96] Defendant argues Petitioner's motion should be denied because "there has been no finding by the court that this clarification of the rules of tolling the time limitations would be retroactive to those applicants who have already exhausted their habeas corpus review." R. Doc. 24 at p. 4. However, this argument fails because retroactive application is not required. *Leonard* was decided during the pendency of the Petitioner's appeals process. It is well-settled that in cases where the law changes during the appeals process, "the new law must be applied with the full force of the precedent that it is." *Boone*, 416 F.3d at 388 n.9.

[97] R. Doc. 22 at p. 7.

[98] *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996)

[99] Defendant argues Petitioner had the opportunity to raise the impact of *Leonard* when his request for a certificate of appealibity was pending before the Fifth Circuit and he could have sought further review. R. Doc. 24 at pp. 4-5. The Court acknowledges Petitioner did have the opportunity to raise this issue during

be served by the Court's decision to grant Petitioner's motion for relief from judgment. Accordingly, the Court finds Petitioner has demonstrated extraordinary circumstances warranting relief from judgment.

## III.    Petitioner's Motion for Relief from Judgment Is Timely.

Defendant argues Petitioner's motion for relief from judgment is untimely because there is a one-year period of limitations in which to file a habeas claim. This is a misstatement of the law. Rule 60(c)(1) requires motions under Rule 60(b) be made "within a reasonable time—and for reasons (1), (2), and (3) no more than one year after the entry of the judgment or order or the date of the proceeding."[100] However, for reasons (4), (5), and (6), "[a] reasonable time for filing such a motion is defined by the particular facts and circumstances of each case."[101] Petitioner does not bring this motion under Rule 60(b)(1), (2), or (3), and as a result, the Court is not beholden to apply the strict one-year time period in deciding whether Petitioner's motion was timely. Instead, a motion brought under Rule 60(b)(4)-(6) must only be made within a reasonable time.[102]

The Fifth Circuit has held that, in general, "a district court is provided wide discretion in determining whether a Rule 60(b) motion is filed within a reasonable time, and '[w]hat constitutes a reasonable time under Rule 60(b) depends on the particular facts of the case in question.'"[103] A motion brought under Rule 60(b)(4)-(6) must be made within a reasonable time, "unless good cause can be shown for the delay."[104] What

---

the pendency of his appeal. However, the Court is not persuaded that his failure to do so is dispositive of his motion now.

[100] Fed. R. Civ. P. 60(c)(1).

[101] *Assoc'd Marine Equip., LLC v. Jones*, 407 F. App'x 815, 816 (5th Cir. 2011).

[102] *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004).

[103] *McKay v. Novartis Pharmaceutical Corp.*, 751 F.3d 694, 701 n.5 (5th Cir. 2014) (quoting *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992)); *see also Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (citations omitted) ("[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion.").

[104] *In re Osborne*, 379 F.3d at 283.

constitutes "good cause" for a reasonable delay "must necessarily be evaluated on a case-by-case basis."[105] In determining what constitutes a reasonable time, "the Fifth Circuit instructs that district courts should consider: (1) 'the interest in finality;' (2) 'the reason for delay;' (3) 'the practical ability of the litigant to learn earlier of the grounds relied upon;' and (4) 'prejudice to other parties.'"[106]

"There is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion."[107] "Courts have found periods of as little as a few months unreasonable, and have found periods of as long as three years reasonable."[108] Because Petitioner's motion relies on the law outlined in *Leonard*, the Court finds the relevant time period is that between the date of the *Leonard* opinion and the date Petitioner filed this motion.[109] This Court entered the judgment from which Petitioner seeks relief on May 8, 2020.[110] The Fifth Circuit published its opinion in *Leonard* on May 15, 2020.[111] On May 18, 2020, Petitioner appealed this Court's judgment to the Fifth Circuit.[112] The Fifth Circuit denied Petitioner's appeal on April 30 2021.[113] Petitioner brought this motion for relief from judgment on August 4, 2022.[114] As such, a period of two years and two months

---

[105] *Id.*; *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004) (holding the district court erred in initially determining the time period was "unreasonable" without first examining the facts and circumstances of the particular case).

[106] *Shoemaker v. Estis Well Service, LLC*, 122 F. Supp. 3d 493, 515 (E.D. La. 2015).

[107] *Assoc. Marine Equip.*, 407 F. App'x at 816 n.5.

[108] *Id.*; *see also United States v. Continental Grain Co.*, No. 1:70-CV-6733, 2019 WL 2323875, at *1 (E.D. Tex. May 30, 2019) (granting a motion for relief from judgment under Rule 60(b)(5) filed over 48 years after the final judgment); *Clark v. Stephens*, 627 F. App'x 305, 310 (5th Cir. 2015) (granting a certificate of appealability on the district court's decision denying his Rule 60(b)(6) motion as untimely when it was filed sixteen months after the change in the law).

[109] *Clark*, 627 F. App'x at 309 ("[T]he change in decisional law provides the starting point for calculating timeliness.").

[110] R. Doc. 15.

[111] *Leonard*, 960 F.3d.

[112] R. Doc. 17.

[113] R. Doc. 21.

[114] R. Doc. 22.

passed from when the Fifth Circuit issued its opinion in *Leonard* and when Petitioner filed this motion for relief from judgment.

Considering the factors outlined by the Fifth Circuit and that there exists no bright-line rule, the Court finds Petitioner's motion is timely. As discussed above, the interest in finality is heavily outweighed by the interest of justice in the instant case. As for the second and third factors—the reason for delay, and the practical ability of the litigant to learn earlier of the grounds relied upon—the facts and circumstances in the instant case clearly demonstrate reasons for delay. Petitioner is not represented by counsel and is acting pro se in filing the instant motion.[115] Petitioner is currently, and has been since 2008, incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. Moreover, Petitioner was waiting on the outcome of an appeal, which was denied on April 30, 2021.[116] The Court is not convinced that justice would be served by, again, denying Petitioner's request for habeas relief on the grounds of untimeliness.

As for the final factor—prejudice to other parties—Defendant does not argue it would be prejudiced in any way by a decision to grant Petitioner's motion.[117] Moreover, the Court finds it is not unduly prejudicial that the State of Louisiana be asked to defend its ongoing incarceration of Petitioner on the merits of Petitioner's claims only two years

---

[115] *Carvajal v. Drug Enforc. Admin.*, 286 F.R.D. 23, 27 (D. D.C. 2012) ("In the specific context of filings by *pro se* prisoners, courts have modified the duty to actively monitor the docket given the practical difficulties of doing so while incarcerated. Hence, courts may show more leniency in permitting a *pro se* inmate to file a belated Rule 60(b) motion where the inmate did not actually know of developments in the case.") (citing United States Supreme Court precedent); *Sacco v. Matter*, 154 F.R.D. 35, 37 (N.D. N.Y. 1994) ("'[I]ncarcerated pro se litigants, since they cannot avail themselves of the freedom of other litigants,' are generally given even greater consideration than other pro se litigants in complying with formalities.").

[116] While there is no exception to the one-year limitation of Rule 60(b)(1)-(3) while an appeal is pending, *Maines v. United States*, No. 3:12-CR-151-B, 2020 WL 6261447, at *1 (N.D. Tex. Oct. 23, 2020), the Court is not aware of any case which states the pendency of an appeal cannot be considered in deciding whether a petitioner filed a Rule 60(b)(6) motion within a reasonable time, particularly regarding a *pro se*, incarcerated petitioner.

[117] R. Doc. 24.

later. Applying Rule 60(b) equitably and liberally in the interest of substantial justice, the Court finds Petitioner's motion is timely. Accordingly, Petitioner's motion for relief from judgment is granted. This case shall be reopened to consider the merits of Petitioner's habeas petition.

### CONCLUSION

**IT IS ORDERED** that Petitioner's motion for relief from this Court's judgment denying his petition for habeas corpus relief as untimely is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's case be reopened for consideration on the merits of Petitioner's habeas petition.

**New Orleans, Louisiana, on this 31st day of October, 2022.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**