UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FREDDY WELCH**                                                                    **CIVIL ACTION**

**VERSUS**                                                                                   **NO. 19-2295**

**DARREL VANNOY, WARDEN**                                               **SECTION: "E" (4)**

### ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by Magistrate Judge Roby, recommending Petitioner Freddy Welch's petition for Writ of Habeas Corpus[2] be dismissed with prejudice. Petitioner timely objected to the Magistrate Judge's Report and Recommendation.[3] For the reasons below, the Court **ADOPTS** the Report and Recommendation as its own and hereby **DENIES** Petitioner's application for relief.

### BACKGROUND

The detailed facts underlying this case are provided in the Report and Recommendation[4] and need not be repeated here. However, a general summary of the facts is useful for the resolution of this case.

Petitioner filed the instant petition for habeas corpus relief on March 28, 2019.[5] Petitioner argued he was entitled to relief for three reasons: (1) the State exercised peremptory challenges to exclude prospective jurors from the jury venire solely because they were Black, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986); (2) the trial court allowed the State to present other crimes evidence without conducting a pretrial *Prieur*

---

[1] R. Doc. 30.
[2] R. Doc. 3.
[3] R. Doc. 31.
[4] R. Doc. 30.
[5] R. Doc. 3-1. Due to the "mailbox rule," Welch's petition was deemed filed on March 12, 2019 (see R. Doc. 25 at 3).

1

hearing required by Louisiana law; and (3) Petitioner received ineffective assistance of counsel when trial counsel (a) failed to move for mistrial when the State admitted other crimes evidence, and (b) failed to interview victim Tamaya Lewis and present her favorable testimony at trial.[6] Magistrate Judge Roby issued her Report and Recommendation on March 3, 2023, recommending Petitioner's habeas petition be dismissed with prejudice.[7] Petitioner timely filed objections as to each of his three claims on March 14, 2023.[8]

## **LEGAL STANDARD**

In reviewing the Magistrate Judge's Report and Recommendations, the Court must conduct a *de novo* review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[9] The standard of review of a habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is discussed at length in the Magistrate's Report and Recommendation,[10] and is repeated here in relevant part. The standard of merits review of a state court's determination of questions of law and mixed questions of law and fact in a habeas petition are reviewed under § 2254(d)(1), as amended by AEDPA.[11] The Magistrate explained this standard as follows:

> The standard provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill [v. Johnson]*, 210 F.3d at 485. The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, 572 U.S. 415, 427 (2014) (citing

---

[6] *Id.*
[7] R. Doc. 30.
[8] R. Doc. 31.
[9] *See* 28 U.S.C. § 636(b)(1)(C) (2018) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[10] R. Doc. 30 at 8-12.
[11] Id. at 11.

*Harrington v. Richter*, 562 U.S. 86, 103 (2011)). "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *White*, 572 U.S. at 426 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)).

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams [v. Taylor]*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485. A state court's decision can involve an "unreasonable application" of federal law if it correctly identifies the governing rule but then applies it unreasonably to the facts. *White*, 572 U.S. at 426-27; *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in Williams did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *See Williams*, 529 U.S. at 410. The Court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *Id.* "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. 685, 699 (2002).

Thus, under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006). In addition, review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).[12]

As to the portions of the Report not objected to, the Court need review those portions only to determine whether they are clearly erroneous or contrary to law.[13] A factual finding is clearly erroneous "when although there is evidence to support it, the

---

[12] Id. at 11-12.
[13] 28 U.S.C. § 636(b)(1)(A).

3

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[14] The magistrate judge's legal conclusions are contrary to law when the Magistrate Judge misapplies case law, a statute, or a procedural rule.[15]

## LAW AND ANALYSIS

Petitioner brought three claims for relief in his petition for writ of habeas corpus.[16] The Magistrate Judge recommends the petition be denied and dismissed with prejudice.[17] Petitioner objected to the Magistrate's recommendations as to each claim.[18] The Court therefore reviews each claim *de novo* below.

### I. Claim One: The state courts' denial of Petitioner's *Batson* claim was not contrary to or an unreasonable application of federal law.

First, Petitioner claims his constitutional rights were violated in violation of *Batson v. Kentucky*[19] "when the prosecution excluded from the jury venire several prospective jurors solely because they were black."[20] Petitioner also claims that "he was never provided the 'voir dire' transcripts from the jury selection,"[21] in violation of *Griffin v. Illinois*.[22] The state courts found Petitioner failed to meet his burden of proof on this issue, and therefore denied habeas relief as to this claim.[23]

---

[14] *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).
[15] *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014); *see also Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016) ("A legal conclusion is contrary to law when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure.") (internal quotation marks and citation omitted).
[16] R. Doc 3-1.
[17] R. Doc. 30.
[18] R. Doc. 31.
[19] 476 U.S. 79 (1986).
[20] R. Doc. 3-1 at 4.
[21] *Id*. at 6.
[22] 351 U.S. 12 (1956).
[23] R. Doc. 30 at 13.

4

The Magistrate Judge determined the state courts' denial of relief on this claim was not contrary to or an unreasonable application of federal law, since Petitioner did not carry his burden under *Batson*.[24] The Magistrate Judge explained Petitioner "provide[d] no evidence identifying the particular jurors, no evidence of the race of the excluded jurors, and no support for his allegation that the State misused its peremptory strikes."[25] She continued that the "voir dire transcript and state court record support the factual findings that there is no record of the racial composition of the jurors and that no *Batson* objection was made during voir dire."[26] Thus, the Magistrate Judge concluded that Petitioner's claim is "wholly conclusory and unsupported."[27] Finally, the Magistrate Judge indicated that the state trial court granted Petitioner's motion for a copy of the voir dire transcript in 2021, and the provision of a second copy would not aid his cause.[28]

Petitioner objected to the Magistrate's conclusion that his *Batson* claim did not entitle him to habeas relief.[29] Petitioner argued he established a prima facie case of discrimination "when he brought it to the state court's attention that the prosecution's use of every peremptory challenge was against African-Americans based on their race."[30] Petitioner claims that his jury was made up entirely of white individuals; however, he did not provide any evidence to support this claim.[31] Additionally Petitioner erroneously claimed, without citation, that despite not raising a *Batson* objection during jury selection, "such a constitutional violation is not waived on collateral review, if the

---

[24] R. Doc. 30 at 13-14.
[25] *Id.* at 14.
[26] *Id.*
[27] *Id.*
[28] *Id.* at 15.
[29] R. Doc. 31 at 1.
[30] *Id.* at 1-2.
[31] *Id.* at 2.

5

[P]etitioner's conviction was obtained in violation of the Fourteenth Amendment to the United States Constitution."[32] Finally, Petitioner realleged that he never received the transcript of the voir dire proceedings, in violation of *Griffin v. Illinois*.[33] However, he did not specifically address the evidence provided by the Magistrate Judge that a copy of the transcript was provided to him in 2021.[34]

Because Petitioner failed to raise a *Batson* objection during jury selection, Petitioner's *Batson* argument is untimely and therefore is not properly before the Court.[35] The Fifth Circuit has long held that "[a] timely objection and the corresponding opportunity to evaluate the circumstances of the jury selection process are essential to a trial court's reasoned application of the limitations placed on peremptory challenges by the *Batson* holding."[36] Said differently, "[f]or a *Batson* claim to be timely, the defendant must object to the prosecutor's challenges before the venire is dismissed and before the trial commences. . . If defense counsel makes no objection at trial to any *Batson* violations, then he cannot assert a proper *Batson* claim for later review," even on petition for habeas corpus relief.[37] Petitioner acknowledged, and the Magistrate Judge's review of the transcript indicated, that "no *Batson* objection was made during voir dire."[38] Thus, even

---

[32] *Id.*
[33] 351 U.S. 12 (1956).
[34] R. Doc. 31 at 2.
[35] *See Thomas v. Moore*, 866 F.2d 803 (5th Cir. 1989) (refusing to address a *Batson* claim in a habeas petition that was not raised in the state court until after the trial was completed).
[36] *Id.* at 805.
[37] *Triplett v. Cain*, No. 04-1434, 2011 WL 3678173, at *9 (E.D. La. July 7, 2011) (finding that the court was barred from hearing the *Batson* claim in a habeas petition where the defense counsel made no *Batson* objections during the trial); *see also Harris v. Goodwin*, No. 12-CV-1846, 2015 WL 5794446, at *8 (W.D. La. Sept. 30, 2015) (finding that relief is not available on a *Batson* claim in a habeas petition when both parties answered "no" to the trial judge's question of "[a]ny *Batson* challenges by either [party]?").
[37] R. Doc. 31 at 1.
[38] R. Doc. 31 at 2; R. Doc. 30 at 14.

if Petitioner's *Batson* claim had merit, which it does not, this Court is barred from hearing it.

Moreover, the Court finds that the Petitioner's claim that he did not receive the voir dire transcript is unfounded and incorrect. As noted by the Magistrate Judge, the state trial court did, in fact, grant Petitioner's motion for a copy of the voir dire transcript in 2021.[39] Additionally, now the state courts and the Magistrate Judge have all reviewed the transcript and failed to find evidence that would support Petitioner's *Batson* claim.[40] Accordingly, the Court finds the state courts' denial of relief on this claim was not contrary to or an unreasonable application of federal law. Therefore, Petitioner is not entitled to relief on this claim.

## II. Claim Two: The state courts' denial of Petitioner's claim regarding the introduction of "other crimes" evidence was not contrary to or an unreasonable application of federal law.

Petitioner claims that his Fifth and Fourteenth Amendment rights were violated when evidence relating to his arrests for child prostitution from Arizona and illegal discharge of a weapon from Louisiana were introduced at his trial.[41] Petitioner argued that he was entitled to a *Prieur* hearing to determine the admissibility of the evidence relating to the other crimes.[42] Petitioner claims that he was "precluded from preparing a meaningful defense" relating to his other crimes due to the lack of a *Prieur* hearing.[43] The state courts denied Petitioners claim for relief based on the introduction of this "other crimes" evidence finding the claim was meritless under Louisiana evidentiary law.[44]

---

[39] R. Doc. 30 at 15.
[40] *Id.*
[41] R. Doc. 3-1 at 9.
[42] *Id.* at 7.
[43] *Id.* at 9.
[44] R. Doc. 30 at 16.

As a preliminary matter, the Magistrate Judge reasoned that, "[t]o the extent [Petitioner] argued that the evidence of his prior arrests was admitted in violation of Louisiana law, that claim is not cognizable on federal habeas review."[45] The Court agrees. States are free to implement their own procedures regarding the admission of evidence, so long as those procedures do not infringe on a constitutional guarantee.[46] In other words, federal courts do not review the propriety of state court evidentiary rulings, unless the proceedings violate due process such that the violation renders the criminal proceeding fundamentally unfair.[47] The Fifth Circuit has explained that the high hurdle of a constitutional violation is difficult to overcome because "the Due Process Clause does not afford relief where the challenged evidence was not the principal focus at trial."[48] Moreover, the complained of error needs to be "so pronounced and persistent that it permeates the entire atmosphere of the trial."[49]

In this case, Petitioner failed to establish any error by the state trial court which would warrant review under due process standards.[50] Multiple state courts, including the Louisiana Supreme Court, found on post-conviction review that the admission of the "other crimes" evidence was proper under Louisiana evidentiary rules.[51] Because Petitioner did not demonstrate any error in the admission of the evidence, the state's interpretation and application of state evidentiary law to this claim is binding on this court.

---

[45] *Id.* (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)).
[46] *Burgett v. Texas*, 389 U.S. 109 (1967).
[47] *Lisenba v. California*, 314 U.S. 219, 236-37 (1941); *Peters v. Whitley*, 942 F.2d 937, 940 (5th Cir. 1991).
[48] *Gonzales v. Thaler*, 643 F.3d 425, 431 (5th Cir. 2011) (footnotes and internal quotations omitted).
[49] *Id.*
[50] *Robinson v. Whitley*, 2 F.3d 562, 567 (5th Cir. 1993) (where there was no showing of error by a trial court, there can be no fundamental unfairness).
[51] R. Doc. 30 at 16-17.

Moreover, even if Petitioner could demonstrate some error in the state's evidentiary ruling, "the admission of the evidence was of his own cause and not a prejudice create by the State or the state court so as to violate due process standards."[52] The Magistrate Judge noted "the state trial court found that, prior to the introduction of evidence of the Arizona prostitution arrest, the court met with defense counsel and the State outside of the jury's presence," at which time "[t]he parties agreed that the State could inquire about the fact of [Petitioner's] Arizona arrest but could not delve into the details of the arrest unless the defense opened the door."[53] During trial, when the State asked Petitioner if he was arrested for prostitution, Petitioner answered affirmatively and continued to provide the circumstances of his arrest of his own accord.[54] Petitioner objected, and the trial court denied Petitioner relief because he opened the door to the line of questioning.[55] Even so, the State did not ask any additional questions.[56]

In his objection to the Magistrate's findings, Petitioner argues "the state's improper focus on the details of which Petitioner has prior convictions for illegal discharging of a weapon and child prostitution went beyond the scope of the agreement."[57] Petitioner argued that "even when bad acts and other crimes evidence is offered for an otherwise admissible purpose, the trial court still must balance the probative value of the evidence before the evidence can be permitted."[58] Petitioner alleged that he was "found guilty not because he committed second degree murder, but that he was a bad person who

---

[52] *Id.* at 19.
[53] *Id.* at 17.
[54] *Id.*
[55] *Id.* (citing *Welch*, 264 So. 3d at 434; St. Rec. Vol. 3 of 4, at 1602, La. Sup. Ct. Order, 2018-KH-0317, 2/25/19).
[56] *Id.*
[57] *Id.* at 3-4.
[58] *Id.* at 4.

9

associated with the person who committed second degree murder."[59] Petitioner requests "the Court should find that the magistrate was incorrect and the petitioner was entitled to a mistrial when the state court violated the pretrial agreement regarding his testimony."[60]

This Court agrees with the Magistrate in finding Petitioner's counsel was the first to address the unlawful discharging of a weapon on New Year's Eve, thereby opening the door for further questioning. Moreover, the State did not exceed the scope of the agreement regarding Petitioner's Arizona prostitution charge, because Petitioner, of his own volition, described the details relating to that arrest and the state did not ask any further questions after defense counsel objected. Additionally, the record does not show that a mention of Petitioner's criminal history negatively impacted the trial or influenced the verdict as required to establish a due process concern.

Accordingly, the state courts' denial of relief on this claim was not contrary to or an unreasonable application of federal law. The Court therefore denies Petitioner's second claim for relief.

### III. Claim Three: The Magistrate's recommended denial of Petitioner's claims regarding ineffective assistance of counsel was not clearly erroneous.

Petitioner raised two arguments relating to the ineffective assistance of counsel: (1) Petitioner's counsel was ineffective "when counsel failed to move the court for a mistrial, [when] the court allowed the prosecution to submit 'other crimes' evidence;" and (2) Petitioner's counsel was ineffective "when counsel failed to thoroughly conduct an investigation in seeking favorable information from the prosecution's witness [Tamaya

---

[59] *Id.*
[60] *Id.*

10

Lewis], [] that the co-defendant [Rodney Castle] had falsely implicated petitioner as the perpetrator of th[e] crime."[61]

Multiple state courts, including the Louisiana Supreme Court, held that Petitioner failed to meet his burden of proving ineffective assistance of counsel under *Strickland v. Washington*.[62] On federal habeas review, the Court must determine "whether the state courts' denial of relief was contrary to or an unreasonable application of Supreme Court precedent."[63]

As to his first claim of ineffective assistance of counsel, Petitioner argued "[h]ad defense counsel moved the court for a mistrial, [P]etitioner alleges that the court would have automatically granted said motion pursuant to La. C[ode] Cr. P. art 770(2)."[64] Petitioner claims that his counsel's failure to request a mistrial "is so substantial that it alone cause his representation to fall below the Sixth Amendment standard."[65] Petitioner alleged that the introduction of his criminal history made the jury "likely convict[] [P]etitioner of the charged offense because [they were] aware of his prior arrests and decided that [P]etitioner []was a person of bad character."[66]

In analyzing Petitioner's first claim regarding failure to move for a mistrial, the Magistrate Judge noted "[a]s discussed by the state trial court on post-conviction review, [Petitioner's] trial counsel was the first to reference the New Year's Eve weapons charge, and did so for apparent trial strategy reasons."[67] As discussed in Section II, *supra*, Petitioner and the State had an agreement relating to what information could be asked

---

[61] R. Doc. 3-1 at 11, 13.
[62] 466 U.S. 668.
[63] R. Doc. 30 at 21.
[64] R. Doc. 3-1 at 11.
[65] *Id.* at 12.
[66] *Id.*
[67] R. Doc. 30 at 23.

regarding Petitioner's prior arrests, and when the State tried to ask additional questions after Petitioner "opened the door," his counsel objected.[68] The Magistrate reasoned "counsel was not deficient in failing to ask for a mistrial and instead chose a strategy to move on rather than to place greater emphasis on the issue by objecting and requesting an admonition."[69] Moreover, Louisiana law would not have supported the finding of a mistrial under the circumstances, since Petitioner "opened the door," to such inquiry.[70] Accordingly, the Magistrate found the state courts' denial of relief on this claim was not contrary to or an unreasonable application of *Strickland*.[71]

As to his second claim of ineffective assistance of counsel, Petitioner alleges, under *Strickland*, Petitioner's counsel was deficient as it related to the victim and witness Tamaya Lewis.[72] Petitioner claims that Lewis told Petitioner's family she was aware that Petitioner did not commit the crime and she would testify to that effect.[73] Additionally, Petitioner claims he "relayed this information to defense counsel, and counsel stated to [P]etitioner that he didn't want the Court to think that the defense was picking on the victim."[74] Petitioner alleged that, "[h]ad the jury been informed of the prosecution's witness/victim's statement, who was willing to come forward and tell the truth, that petitioner had nothing to do with this crime, and that [other individuals] killed her boyfriend, and took his drugs, the State's theory of the crime would not have existed."[75]

---

[68] *Id.*
[69] *Id.*
[70] *Id.* at 24-25.
[71] *Id.* at 25.
[72] R. Doc. 3-1 at 13-14.
[73] *Id.* at 14.
[74] *Id.*
[75] *Id.* at 14-15.

12

Thus, Petitioner concluded he was prejudiced by his attorney's "failure to interview and call Mrs. Lewis as a witness."[76]

As to this claim, the Magistrate Judge noted that "[w]ith respect to the issue of interviewing Lewis, the state trial court found that [Petitioner] could only produce for the hearing 'unsubstantiated, multiple hearsay evidence to support his theory' that Lewis would have testified that Castle falsely implicated him (or that Castle actually falsely implicated him)."[77] The Magistrate Judge continued that "Lewis in fact testified during the State's case in chief and was rigorously cross-examined by [Petitioner's] counsel," at which time "Lewis never varied from her description of the shooter or her assertion that [Petitioner] matched the physical appearance of the shooter whose face was covered."[78] Thus, the Magistrate Judge concluded that "[a]fter reviewing the trial and evidentiary hearing transcripts, this court must give deference to the factual findings made by the state courts in concluding that [Petitioner's] conclusory and unsupported claims failed to meet either prong of *Strickland*."[79] As such, the Magistrate Judge found that "the state courts' denial of relief was not contrary to or an unreasonable application of *Strickland*," and "[Petitioner] is not entitled to relief on this claim."[80]

Though Petitioner made timely objections to the Magistrate's recommended denials of his two ineffective assistance of counsel claims, his objections fail to add any additional information or object with specificity to the aspects of the Magistrate Judge's findings with which Petitioner disagrees.[81] Petitioner's arguments merely restate those

---

[76] *Id.* at p. 15.
[77] R. Doc. 30 at 25.
[78] *Id.* at 26-27.
[79] *Id.* at 27.
[80] *Id.* at 28.
[81] R. Doc. 31 at 5-7.

13

arguments made before the Magistrate Judge and addressed in detail in the Report and Recommendation. "[O]bjections that simply rehash or mirror the underlying claims addressed in the Report are not entitled to de novo review."[82] Courts in the Fifth Circuit have recognized, "[i]n order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific."[83] "Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'"[84] Instead, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations."[85]

Petitioner fails to add any additional information to his objections that were not previously included in his initial claim.[86] Moreover, Petitioner fails to even mention the Magistrate Judge's findings, let alone object to any specific reasoning.[87] Accordingly, the Court reviews the Magistrate Judge's findings on the issues relating to Petitioner's claim

---

[82] *Mendez v. Dir., TDCJ-CID*, No. 6:19-CV-320-JDK-KNM, 2022 WL 1511318, at *1 (E.D. Tex. May 12, 2022).
[83] *Peterson v. Day*, No. 21-2027, 2022 WL 16758322, at *2 (E.D. La. Nov. 8, 2022) (quoting *Stone v. Director, TDCJ-CID*, No. 3:22-cv-512-M-BN, 2022 WL 980792, at *3 (N.D. Tx. March 7, 2022)).
[84] *Mendez v. Dir.*, 2022 WL 1511318, at *1 (quoting *U.S. v. Morales*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013) (internal citations omitted)).
[85] *Id.* (quoting *Vega v. Artuz*, No. 97Civ.3775LTSJCF., 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)).
[86] *Compare* R. Doc. 31 at 5 *with* R. Doc. 3-1 at 11.
[87] R. Doc. 31.

of ineffective assistance of counsel under a clearly erroneous or contrary to law standard. The findings by the Magistrate Judge are not clearly erroneous or contrary to law.

Accordingly, the Court denies Petitioner's claim relating to ineffective assistance of counsel and adopts the Magistrate Judge's Report and Recommendation on the issue.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Karen Wells Roby's Report and Recommendation.[88]

**IT IS ORDERED** that the above-captioned matter be **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 22nd day of November, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[88] R. Doc. 30.